```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
UNITED STATES OF AMERICA,
                              *
    Plaintiff,
                              *     CIVIL NO.: WDQ-06-1376
v.
                              *
$54,711.26 U.S. CURRENCY,
                              *
    Defendant.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Under 21 U.S.C. § 881(a)(6), the United States of America sought forfeiture of $54,711.26(the "Property") as proceeds traceable to the sale or exchange of controlled substances in violation of 21 U.S.C. § 841.  On September 15, 2006, the Court signed a Default Decree of Forfeiture (the "Default Order"), closing the case.

Pending are motions to vacate the Default Order and to dismiss the forfeiture complaint[1] by allegedly interested parties: Lakeisha Montgomery, Loretta Montgomery, Bria Montgomery, Ashley Montgomery, and James Montgomery (the "Movants").  For the reasons discussed below, the motions will be denied.

---

[1] On February 26, 2007 motions to vacate and to dismiss were filed and on March 6, 2007 amended motions to vacate and to dismiss were filed.

1

I.   Background

On November 4, 2005 the Property was seized from Municipal Employees Credit Union and Provident Bank.  On February 21, 2006, the Movants filed a timely administrative claim for the money.  On June 1, 2006, the United States filed the forfeiture complaint.

On August 28, 2006, the United States moved for default forfeiture of the Property and on September 15 the Court signed the Default Order.  The Movants filed nothing until the instant motions in February and March 2007.

II.  Analysis

The Movants have filed a motion to vacate the Default Order arguing that they did not receive the motion for default filed by the United States.  The Movants have also moved to dismiss the forfeiture complaint arguing that the United States violated the statutory deadline imposed by 18 U.S.C. § 983(a)(3)(A) by failing to file the forfeiture complaint by May 22, 2006.

The United States counters that the Movants have not properly asserted their interest by showing some evidence of ownership sufficient to have standing to contest the civil forfeiture of the Property in court as required by 18 U.S.C. § 983(a)(4)(A) and Federal Rule of Civil Procedure Supplement Rule C(6).  The United States argues that this failure: (1) means that the Movants have not properly joined the case; and (2) requires

the denial of their motions.  The United States asserts that the claim filed by the Movants in February 2006 was an administrative claim filed with the Drug Enforcement Administration not with the Court.

To reach a decision on these motions, the Court must determine which of the parties' deficiencies takes precedence over the others: (1) the Movants' failure to file a claim under § 983(a)(4)(A); (2) the United States' failure to file a timely complaint in violation of § 983(a)(3)(A); or (3) the Movants' alleged failure to receive the motion for default.  Neither side directly challenges the argument offered by the other; instead, each argues that the default or deficiency each cites controls the outcome of the motions.

Title 18 U.S.C. § 983 states many procedural requirements in forfeiture actions.  Section 983(a)(2)(A) allows an interested party to file a claim regarding property seized in a *nonjudicial* civil forfeiture proceeding; such a claim requests the "initiation of a civil forfeiture proceeding in district court." *U.S. v. Martin*, 460 F.Supp.2d 669, 673 (D. Md. 2006).  Filing such a claim (1) allows a party "threatened with nonjudicial administrative forfeiture the opportunity to proceed judicially instead[;]" and (2) "imposes a deadline on the Government for proceeding with a civil forfeiture action."  *Id*. (*citing* § 983(a)(3)(A)).  The Movants' February 21, 2006 claim is just such

3

a claim.  As the June 1, 2006 forfeiture complaint was filed more than 90 days after that claim, it was late under the statute.[2]  § 983(a)(3)(A).  Although complete failure to file a forfeiture complaint would end the inquiry and result in the release of the property, late filing of a complaint does not void the complaint--it simply makes it vulnerable to a motion to dismiss for failure to comply with filing requirements.  The Movants do not allege that they did not receive the complaint, and did not challenge its tardiness upon receiving it; rather, the Movants did nothing for eight months and offer no explanation for their delay.

The filing of the complaint invoked § 983(a)(4)(A), which requires any person claiming an interest in the property in a *judicial* proceeding to file a claim asserting that interest within 30 days after the date of service of the complaint.  § 983(a)(4)(A).  The Movants' February 21 claim under subsection (a)(2)(A) did not obviate the requirements of (a)(4)(A); to so read the statute would render the latter subsection extraneous.  Section 983(a)(4)(A) directs a potentially interested party to file a claim conforming to Federal Rule of Civil Procedure Supplemental Rule C(6).  *Via Mat Intern. South America Ltd. V. U.S.*, 446 F.3d 1258, 1264 (11th Cir. 2006).  The Movants failed

---

[2] Although the United States did not seek an extension, the complaint was filed just 10 days after the deadline.

4

to file such a claim within the 30 day period and have never attempted to file one or explain their failure to do so. Accordingly, the Movants do not have statutory standing to challenge the Default Order or the timeliness of the forfeiture complaint.  Thus, the motions must be denied.

III. Conclusion

For the reasons stated above the motions to vacate and the motion to dismiss filed by the Movants will be denied.


June 7, 2007                                    /s/
Date                            William D. Quarles, Jr.
                                United States District Judge