IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,        *

    Plaintiff,                   *

    v.                           *      CIVIL NO. WDQ-06-1376

$54,711.26 in U.S. CURRENCY,     *

    Defendant.                   *

*   *   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

The Government sought forfeiture of $54,711.26 (the "Property") as proceeds traceable to the sale or exchange of controlled substances.  On June 7, 2007, the Court denied a motion to vacate the default decree of forfeiture and to dismiss the forfeiture complaint.

Pending is a motion for reconsideration by the allegedly interested parties: Lakisha Montgomery, Loretta Montgomery, Bria Montgomery, Ashley Montgomery, and James Montgomery (the "Movants").  For the reasons discussed below, the motion will be denied.

I.   Background

On November 4, 2005, the Movants' property was seized by the Government.  Under 21 U.S.C. § 881(a)(6), the Government sought forfeiture of the property as proceeds traceable to the sale or exchange of controlled substances in violation of 21 U.S.C. § 841.  On February 21, 2006, the Movants filed an administrative

1

claim for the property.  On June 1, 2006, the Government
untimely[1] filed its Verified Complaint for Forfeiture.  Paper No.
1.  On August 28, 2006, the Government moved for a Default Decree
of Forfeiture because the Movants had failed to file a timely
claim under 18 U.S.C. § 983(a)(4)(a).  Paper No. 4.

On September 15, 2006, the Court entered a Default Decree of
Forfeiture.  Paper No. 5.  On February 26, 2007, the Movants
filed a Motion to Vacate the Default Order and a Motion to
Dismiss the Government's Verified Complaint for Forfeiture.
Paper No. 6.  On March 6, 2007, the Movants filed an Amended
Motion to Vacate (Paper No. 10) and an Amended Motion to Dismiss
(Paper No. 11).  On June 7, 2007, this Court issued a Memorandum
Opinion and Order denying both motions.  Paper No. 15.

On July 19, 2007, Movants filed a motion for
reconsideration, arguing that: (1) the Government had not timely
filed its Complaint under 18 U.S.C. § 983(a)(3)(A), thus the
Movants were not required to file a claim[2] or an answer[3] to the
complaint; (2) they had properly asserted their interests in the
property by filing an administrative claim; (3) they have
remedied any violation of 18 U.S.C. § 983(a)(4)(A) by filing
"Verified Claims and Statements Identifying Claimants" and their

---

[1] The Government filed the complaint ten days late.

[2] *See* 18 U.S.C. § 983(a)(4)(A)(2006).

[3] *See Id.* § 983(a)(3)(B).

Answer to the Government's Verified Complaint for Forfeiture; and (4) the default order has caused the Movants to suffer extreme financial hardship.  Pl.'s Supp. Mem. (Paper No. 18).

II.  Analysis

   A.  Standard of Review

   A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e).  Rule 59(e) "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (*quoting* the Advisory Committee Note to the 1946 amendment of Rule 59).  "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits."  *Id.* at 451.

   "A district court has the discretion to grant a Rule 59(e) motion in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotation marks omitted).  "Moreover, Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  *Id.*

   B.  Civil Forfeiture Proceedings

   Section 983 of the Civil Asset Forfeiture Reform Act of 2000

("CAFRA") provides the general rules for civil forfeiture proceedings.  18 U.S.C. § 983.  After the Government seized property, an interested party may file a claim in a *nonjudicial* civil forfeiture proceeding.  § 983(a)(2)(A).  This gives the interested party an opportunity to proceed judicially.  *United States. v. Martin*, 460 F. Supp. 2d 669, 673 (D. Md. 2006).  Filing a claim gives the Government 90 days to file a civil forfeiture complaint.  *Id.*; § 983(a)(3)(A).  If the Government fails to file a timely complaint, it "shall promptly release the property."  § 983(a)(3)(B).  The Government filed the forfeiture complaint on June 1, 2006--more than 90 days after the claim.  Once the Government files the complaint the interested party may file, no later than 30 days after service of the Government's complaint, a claim asserting an interest in the property.  § 983(a)(4)(A).  The Movants have yet to file such a claim.[4]

     As all the parties have failed to follow the CAFRA statutory deadlines, the Court must determine which of the parties' errors is most severe.  Generally, "forfeitures are not favored by the law and statutes providing for forfeitures are strictly construed."  *Via Mat. Int'l S. Am. Ltd. v. United States.*, 446 F.3d 1258, 1263 (11th Cir. 2006); *First Am. Bank & Trust of La.*

_____

     [4] The Movants have attached to their motion for reconsideration "Verified Claims and Statements Identifying Claimants' Interest and Rights in Seized Property."  Movants' Ex. 1 and 2.  This is not a cognizable assertion of their interest in the property.

*v. Tex. Life Ins. Co.*, 10 F.3d 332, 335 (5th Cir. 1994).

The current deadlines were created to remedy the pre-CAFRA absence of statutory deadlines for the commencement of civil forfeiture proceedings.  Stefan D. Cassella, *The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties*, 27 J. LEGIS. 97, 122-25 (2001).  The purpose of the 90 day period in § 983(a)(3)(B) was to "prevent the government from retaining property subject to forfeiture for an extended period of time without commencing a judicial action."  Cassella, *supra* note 6, at 144.

To acquire standing in a forfeiture proceeding, the claimant must file a verified claim to the property.  18 U.S.C. § 983(a)(4)(A).  The verified claim establishes that the claimant has a sufficient interest in the seized property.  *United States v. $39,000 in U.S. Currency*, No. Civ. 3:02cv281-v, 2005 WL 2736741, at *3 (W.D.N.C. Oct. 24, 2005) (*citing United States v. Funds From Prudential Sec.*, 300 F. Supp. 2d 99, 103 (D.D.C. 2004)).  The verified claim is not merely a procedural technicality.  *United States v. $13,970.00*, WL 1231659, at *2 (M.D. Ga. 2007).  The claim "provide[s] the government with timely notice of a claimant's interest in contesting the forfeiture and, by requiring a sworn claim, deter[s] the filing of false claims."  *United States v. $125,938.62*, 370 F.3d 1325,

1328 (11th Cir. 2004).  The verified claim also demonstrates that
there is a "'case or controversy,' in the constitutional sense,
capable of adjudication in the federal courts." *United States v.
$38,000 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987).
If the claimant does not comply with Supplemental Rule C(6)[5], he
lacks *statutory* standing to contest forfeiture by the Government.
 *$39,000* in U.S. Currency, at *3.

     Although the Government filed its forfeiture complaint ten
days late, the Movants neither filed the required claim nor
requested an extension of time to file the claim.  The Movants
argue that their administrative claim satisfied the requirement
of Supplemental Rule C(6)--but it does not.  "A previous claim to
an administrative agency does not put the materials required to
establish statutory standing into the record before the district
court." *United States v. $5,730.00 in U.S. Currency*, 109 F.
App'x 712, 714 (6th Cir. 2004) (A claim filed with the DEA does
not satisfy the requirements of Rule C(6).).  The Movants also
argue that their current filing of verified claims remedies any
violation of § 983(a)(4)(A), and provides them with statutory
standing to challenge the complaint.  The Movants' attempt to
file a verified claim was futile.  The statutory deadline passed

---

[5] "A person who asserts a right of possession or any
ownership interest in the property that is the subject of the
action must file a verified statement of right or interest . . .
within the time that the court allows."  Supplemental Admiralty
and Maritime Claims Rule C(6), 28 U.S.C.A. (2006).

over a year ago; it is not in the interest of justice to accept the Movants' late verified claims.  Accordingly, the Movants' motion for reconsideration of the June 7, 2007 order will be denied.

III. Conclusion

For the reasons stated above, the motion will be denied.


September 19, 2007                      _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge